UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DALFIO,<br><br>                              Plaintiff,<br>v.<br>SECVD & I, INC. and DOES 1-10,<br><br>                              Defendant. | Case No.: 21-cv-929-MMA (AGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 4] |

On May 17, 2021, Plaintiff Victor Dalfio ("Plaintiff") filed a Complaint against SECVD & I, Inc. and Does 1 through 10 (collectively, "Defendant") pursuant to the Americans with Disabilities Act, 41 U.S.C. § 12181, *et seq.* ("ADA") and the California Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* ("Unruh Act"). *See* Doc. No. 1 ("Compl."). Defendant now moves to dismiss the Complaint for lack of jurisdiction. *See* Doc. No. 4. Plaintiff filed an opposition, to which Defendant replied. *See* Doc. Nos. 6, 7. For the reasons set forth below, the Court **GRANTS** Defendant's motion.

I. B<span style="font-variant:small-caps">ackground</span>

Plaintiff has had two hip replacements and as a result, has difficulty walking and standing, and requires a cane or walker for mobility. *See* Compl. at ¶ 1. Plaintiff asserts that he is a disabled person under the ADA and the Unruh Act. *See id.* According to

Plaintiff, Defendant owns the real property located at 360 Bolton Hall Road, San Diego, California, 21173 (the "Premises") which operates as "ABC Money Exchange" (the "Business"). *Id.* at ¶¶ 2–3. Plaintiff states that the Premises is newly constructed or otherwise underwent remodeling or repairs after January 26, 1992, yet fails to comply with California access standards which were in effect at the time of construction. *See id.* at ¶ 12.

Plaintiff alleges that he visited the Premises on two separate occasions—in December 2020 and March 2021—with the intent to patronize the Business. *See id.* ¶ 13. However, Plaintiff claims he was unable to do so because Defendant "did not offer persons with disabilities with equivalent facilities, privileges, and advantages offered by Defendant[] to other patrons." *See id.* at ¶¶ 13–15. Namely, Plaintiff alleges twenty-four separate violations of the ADA and the California Building Code. For example, in the parking area, Plaintiff draws attention to the faded paint, lack of signage, uneven asphalt, and improper slope gradient of the disabled parking spots. *See id.* at ¶¶ 14–20. Additionally, Plaintiff asserts that the Business's entrance ramps and access routes violate federal and state requirements. *See id.* at 5–20.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a complaint for lack of subject matter jurisdiction. "[F]ederal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978), *superseded by statute on other grounds*, 28 U.S.C. § 1367, *as recognized in LaSalle Nat'l Trust, NA v. Schaffner*, 818 F. Supp. 1161, 1165 (N.D. Ill. 1993). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). Subject matter jurisdiction must exist when the action is commenced. *Morongo Band of*

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

*Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (citing *Mollan v. Torrance*, 22 U.S. 537, 538, 6 L. Ed. 154 (1824)).  Further, subject matter jurisdiction may be raised "at any stage of the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A facial attack on jurisdiction asserts that the allegations in a complaint are insufficient to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In resolving a facial challenge to jurisdiction, a court accepts the allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff.  *See Doe v. Holy See*, 557 F.3d 1066, 1073 (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).

### III. D<small>ISCUSSION</small>

Based on the twenty-four alleged accommodation deficiencies, Plaintiff brings two causes of action: (1) violation of the ADA; and (2) violation of the Unruh Act. *See* Doc. No. 1 at 22–28.  The parties appear to agree that the Court has original subject matter jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. *See* Compl. at ¶ 8; Doc. No. 4 at 3.  Moreover, under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction." 28 U.S.C. § 1367(a).  Plaintiff alleges that the Court has supplemental jurisdiction over his Unruh Act claim because it arises from the same nucleus of operative facts and transactions as his ADA claim. *See* Compl. at ¶ 9.

Defendant moves to dismiss Plaintiff's Unruh Act claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Specifically, Defendant asks the Court to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c).  Pursuant to 28 U.S.C. § 1367(c), a district

court may decline to exercise supplemental jurisdiction over a state law claim if one of the following exceptions applies:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Defendant argues that Plaintiff's Unruh Act claim substantially predominates over his ADA claim, and additionally contends there are compelling reasons to decline to exercise supplemental jurisdiction. *See* Doc. No. 4 at 4–10.

**A.    Predomination of the Unruh Act Claim—28 U.S.C. § 1367(c)(2)**

Defendant asserts that Plaintiff's Unruh Act claim substantially predominates over his ADA claim because of the stark difference in available remedies, namely, the substantial monetary damages available under the Unruh Act. *See* Doc. No. 4 at 4. Plaintiff argues in opposition that the Court should exercise supplemental jurisdiction because both the federal and state law claims involve identical alleged facts, and the availability of monetary damages under the Unruh Act does not alone indicate predominance. *See* Doc. No. 6 at 4–5.

State law claims may "substantially predominate" over federal claims "in terms of proof of the scope of the issues raised, or of the comprehensiveness of the remedy sought . . . ." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Acri v. Varian Assocs, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (explaining that while *Gibbs* is a pre-section 1367(c) case, it informs a section 1367(c) analysis). As Defendant highlights, several courts in this circuit have found that Unruh Act claims substantially predominate over ADA claims where a plaintiff alleges numerous violations, due to the more expansive remedies available under the Unruh Act. *See e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1030 (S.D. Cal. 2017) (finding that plaintiff's Unruh Act claims substantially predominated over ADA claims where plaintiff alleged nine violations,

making available $36,000 in statutory damages); *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1131 (S.D. Cal. 2005) (finding that plaintiff's Unruh Act claims substantially predominated over ADA claims where plaintiff alleged 14 violations, making available $56,000 in statutory damages); *Molski v. Hitching Post I Rest., Inc.*, No. CV 04-1077 SVW (RNBx), 2005 U.S. Dist. LEXIS 39959, at *23 (C.D. Cal. May 24, 2005) (finding that plaintiff's Unruh Act claims substantially predominated over ADA claims where plaintiff alleged thirteen violations, making available $52,000 in statutory damages).  While the Ninth Circuit has never directly addressed this issue, *c.f. Armstrong v. Nan, Inc.*, 679 F. App'x 582 (9th Cir. 2017) (affirming a district court's decision to decline to exercise supplemental jurisdiction over a state law age discrimination claim because of "the divergence of elements and remedies available under federal versus Hawaii state law"), the Court finds that a damages-focused approach to determining predominance is appropriate here.  The only available remedy under the ADA is injunctive relief.  *See* 42 U.S.C. § 12188(a)(1); *see also Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA - only injunctive relief is available for violations of Title III.").  However, in addition to injunctive relief, the Unruh Act provides for statutory damages "in no case less than four thousand dollars ($4,000)," for each violation.  Cal. Civ. Code § 52.  Plaintiff asserts a total of twenty-four violations.  *See* Compl. at ¶ 20.  Thus, a minimum of $96,000 in statutory damages is available to Plaintiff under state law should he prevail.  The mere availability of monetary damages under the Unruh Act, coupled with the magnitude of potential recovery available to Plaintiff based on the number of violations he alleges, strongly indicates that Plaintiff's predominant focus is recovering financially under state law.  Accordingly, the Court finds that Plaintiff's Unruh Act claim substantially predominates over his ADA claim due to the disparity in available remedies available, and thus falls within the exception of § 1367(c)(2).

**B.     Compelling Reasons—28 U.S.C. § 1367(c)(4)**

Alternatively, Defendant argues that compelling reasons exist to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. Specifically, Defendant asserts that Plaintiff is intentionally evading the heightened pleading standards for Unruh Act claims in state court by filing his lawsuit in federal district court. *See* Doc. No. 4 at 4.

Pursuant to 28 U.S.C. § 1367(c)(4), a court may also decline to exercise supplemental jurisdiction over a state law claim in exceptional circumstances for compelling reasons. *See* 28 U.S.C. § 1367(c)(4). Courts consider "judicial economy, convenience and fairness to litigants" when deciding whether to exercise supplemental jurisdiction. *Gibbs*, 383 U.S. at 726. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *Id.*

In 2012, the California legislature codified heightened pleading requirements for Unruh Act claims, namely, mandating greater pleading specificity, as well as requiring verification of the complaint. *See* Cal. Code Civ. Proc. § 425.50. In 2015, California imposed further requirements on "high frequency litigants,"[2] including a one thousand dollar ($1,000) filing fee. Cal. Gov't Code § 70616.5. These unique pleading requirements were imposed in order to "deter baseless claims and vexatious litigation,"

---

[2] It appears Plaintiff may qualify under state law as a high frequency litigant, *see* Cal. Civ. Proc. Code § 425.55(b)(1), as he has filed twenty ADA/Unruh Act cases in the preceding twelve months. *See* Dalfio v. Walmart Inc., et al., 21-cv-00646-W (BLM); Dalfio v. Smico-Robinson LLC, et al., 21-cv-00647-MMA (DEB); Dalfio v. Rachman, et al., 21-cv-00648-LAB (BGS); Dalfio v. Dimenstein, et al., 21-cv-00650-GPC (LL); Dalfio v. Barbat, et al., 21-cv-00651-AJB (BGS); Dalfio v. J.G. MGMT Properties IV, LLC, et al., 21-cv-00652-GPC (RBB); Dalfio v. CLPF – Clairemont Mesa, L.P., et al., 21-cv-00653-H (AHG); Dalfio v. 4150 National Ave LLC, et al., 21-cv-00668-JLS (WVG); Dalfio v. Purple Mountain Empire IV, LLC, et al., 21-cv-00669-GPC (BGS); Dalfio v. S & K Investors LLC, et al., 21-cv-00672-MMA (AGS); Dalfio v. Kent Holding LLC, et al., 21-cv-00673-W (MDD); Dalfio v. Tran, et al., 21-cv-00760-BAS (BGS); Dalfio v. Piersall, et al., 21-cv-00761-L (JLB); Dalfio v. The Pep Boys Manny Moe & Jack of California LLC, et al., 21-cv-00790-DMS (AHG); Dalfio v. Norr, et al., 21-cv-00791-MMA (KSC); Dalfio v. Hubbard, et al., 21-cv-00821-MMA (AHG); Dalfio v. Van, et al., 21-cv-00827-H (MDD); Dalfio v. Hanna, et al., 21-cv-00910-JLS (AHG); Dalfio v. P.I.D. University, Inc., et al., 21-cv-00911-CAB (JLB); Dalfio v. Acorn Street Properties, LLC, et al., 21-cv-00913-BAS (JLB).

an issue of particular importance in California because of the unique availability of statutory damages available under the Unruh Act. *See Schutza*, 262 F. Supp. 3d at 1031. California has a substantial interest in implementing statutory schemes aimed at deterring vexatious litigation and easing the financial burden the Unruh Act imposes on California businesses. *See e.g.*, *Whitaker v. Mac*, 411 F. Supp. 3d 1108, 1116 (C.D. Cal. 2019); *see also Schutza*, 262 F. Supp. 3d at 1031. Recognizing this, many district courts have declined to exercise supplemental jurisdiction over Unruh Act claims as a matter of comity and in deference to California's compelling state interests. *See, e.g.*, *Schutza*, 262 F. Supp. 3d at 1031 (finding California's substantial interest in discouraging unverified disability discrimination claims to be a compelling reason for declining supplemental jurisdiction over state claims); *see also Whitaker*, 411 F. Supp. 3d at 1116 (finding California's "desire to limit the financial burdens California's business may face" under the Unruh Act to be a compelling reason for declining supplemental jurisdiction over state claims); *Marquez v. KBMS Hospitality Corporation*, 492 F. Supp. 3d 1058, 1062 (C.D. Cal. 2020) (finding California's deserved right to enforce its detailed statutory scheme regarding damages under Unruh Act to be a compelling reason for declining supplemental jurisdiction over state claims); *Langer v. Kiser*, 516 F. Supp. 3d 1066, 1090 (S.D. Cal. 2021) (finding comity to be a compelling reason for declining supplemental jurisdiction over state claims). The Court agrees that comity and deference to California's interest in monitoring and regulating Unruh Act complaints present compelling reasons to decline to exercise jurisdiction.

Finally, as noted above, it is apparent to the Court that financial recovery is Plaintiff's primary focus. Thus, "[i]t is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act." *Schutza*, 262 F. Supp. 3d at 1031; *see also Dalfio v. P.I.D. Univ., Inc.*, No. 21cv911-CAB-JLB, 2021 U.S. Dist. LEXIS 91674, at *2 (S.D. Cal. May 13, 2021). Accordingly, as "discouraging forum-shopping is a legitimate goal for the federal

courts," *Brick Oven Rest.*, 406 F. Supp. 2d at 1131 (citing *Hanna v. Plumer*, 380 U.S. 460, 475–77 (1965)), the Court finds that it is a further compelling reason to decline the exercise of supplemental jurisdiction. *See Schutza*, 262 F. Supp. 3d at 1031 (finding the court's interest in discouraging forum-shopping to be exceptional circumstance justifying the declining of supplemental jurisdiction over the Unruh Act claim); *Langer*, 516 F. Supp. 3d at 1090 (finding discouraging forum shopping to be a compelling interest in support of the court's decision to decline exercising supplemental jurisdiction over the Unruh Act claims); *Marquez*, 492 F. Supp. 3d at 1063 (finding that California's statutory reforms and corresponding increase in federal filings of disability discrimination claims raises compelling concerns about forum-shopping).

In sum, Plaintiff has both monetary and injunctive relief available to him under his Unruh Act claim. Thus, the sole advantage Plaintiff gains by filing in federal court is avoidance of the state-instituted pleading requirements. This appears to the Court to be improper forum-shopping. Accordingly, the Court finds that discouraging forum-shopping, in addition to principles of comity and affording respect to California's substantial interest in regulating Unruh Act litigation, are compelling reasons to decline supplemental jurisdiction pursuant to § 1367(c)(4).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss, declines to exercise jurisdiction over Plaintiff's Unruh Act Claim pursuant to 28 U.S.C. § 1367(c), and **DISMISSES** Plaintiff's second cause of action.

**IT IS SO ORDERED.**

Dated: September 15, 2021

HON. MICHAEL M. ANELLO
United States District Judge